**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACE POINTER, an individual,<br><br>*Plaintiff,*<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | ) CASE NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

COMES NOW Plaintiff JACE POINTER, by and through Joshua S. Berman, Esquire and the law firm of DROSS BERMAN, LLC, asserting claims against Defendant the United States of America, and states and alleges as follows:

## I.
## JURISDICTION AND VENUE

**1.** Plaintiff JACE POINTER (hereinafter "Plaintiff") is a citizen of the United States and a resident of Texas, and served in the United States Marine Corps at all times pertinent hereto.

**2.** The Defendant is the United States of America, acting by and through the United States Marine Corps, which a department of the Department of the Navy, an agency of the United States Government.

**3.** This is an action for judicial review of administrative denial of disability benefits that the United States Marine Corps and the United States Navy failed to provide Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereinafter "TSGLI").

**4.** Plaintiff brings this action against Defendant the United States of America

based upon a failure of the United States Department of Navy and the United States Marine Corps to pay benefits owed to Plaintiff under the TGSLI program.

**5.** This Court has jurisdiction over the parties under 38 USC 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

**6.** In addition, even if administrative reviews were required of TSGLI applicants prior to initiating a lawsuit, doing so would be futile because it is certain that a TSGLI claim would be summarily denied on appeal for the reasons states herein. However, in this case Plaintiff exhausted the administrative appeals available prior to commencing this lawsuit.

**7.** 28 USC 1391(e)(1) permits "suits to be brought against the United States in any judicial district where 'a substantial part of the events or omissions giving rise to the claim occurred, or . . . [where] the plaintiff resides'".

**8.** The Secretary of the Navy Council of Review Boards ("CORB") – Board for Corrections of Naval Records ("BCNR") is located in Washington Navy Yard, D.C., and it is where the last and ultimate decision was made on Plaintiff's administrative claim, and therefore, the District of Columbia is proper Venue for this case

## II.

## FACTUAL ALLEGATIONS

**9.** All allegations contained in the previous paragraphs are incorporated herein by reference.

**10.** The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment for service members injured as the result of a traumatic event.

**11.** TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred. In addition, a

retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

**12.** Then, effective October 1, 2011, the Veterans' Benefit Improvement Act of 2010 removed the requirement that injuries during the retroactive period be incurred in Operations Enduring or Iraqi Freedom. Since this time, claims have increased, premiums paid into the policy have remained the same, and not coincidentally, systematic denials have increased.

**13.** For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the severity of the qualifying loss.

**14.** The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased, however, the policyholder of the SGLI and TSGLI policies is the government, which limits the ability for bad faith action by participating service members, which further leads to a more systematic system that has an eye for denial.

**15.** All members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for TSGLI payment.

**16.** Losses must meet the TSGLI standard in order to be eligible or a benefit payment. There are nine categories of losses covered as follows:

a) Sensory losses

b) Burns

c) Paralysis

d) Amputation

e) Limb Salvage

f) Facial Reconstruction

g) Activities of Daily Living (ADL)

h) Inpatient Hospitalization

i) Coma/TBI combined with another injury

**17.** When a member submits a TSGLI application for benefits a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets the TSGLI criteria stated above. In Plaintiff's case, a medical professional certified his individual claim.

**18.** At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a servicemember in the United States Marine Corps that contributed into the Servicemembers' Group Life Insurance premium.

**19.** Plaintiff suffered traumatic injuries that meet the guidelines for TSGLI coverage based upon Plaintiff's required assistance of another person to perform at least two Losses of Activities of Daily Living ("ADL") due to a traumatic injury that occurred on February 25, 2009. On such date, suffered a traumatic injury to his right knee during physical training at Twentynine Palms, CA. He was evaluated and referred to physical therapy and orthopedics. An MRI showed a torn posterior cruciate ligament (PCL). After failing conservative treatment, he underwent PCL reconstruction with Allograft on May 4, 2010. Immediately after surgery he began to experience right foot drop with loss of sensation. Additional complications included neuropraxia, DVT and popliteal pseudoaneurysm. Several procedures were performed to maintain blood flow to the right leg which included embolization, coiling and stenting. He received anticoagulant treatment. Postoperatively, he was placed in a long leg brace and issued a wheelchair due to non-weight bearing instructions. Mr. Pointer remained wheelchair bound until at least September 1, 2010 and was unable to bath, dress, toilet, and transfer independently and without required physical assistance from the hospital, caregivers, and family members.

**20.** On or about August 25, 2010, Plaintiff submitted an application for TSGLI benefits, supported then and thereafter by a Part B form signed by Dr. Daniel L.

Gramins, indicating that Plaintiff met ADL loss criteria for TSGLI benefits for inability to independently dress, toilet, bathe and transfer without assistance.

**21.** Thereafter, Plaintiff received a letter denying him benefits, stating that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

**22.** Next, Plaintiff hired counsel, Law Offices of Peter S. Cameron, A.P.C, who supplied a new claim with additional medical records, and an assessment from Terri Burns, RN with a new TSGLI application that clarified the claim to seek benefits for 120 days of ADL losses due to a requirement of physical assistance to bathe, dress, transfer, and use the toilet. Defendant did not reconcile the supporting statement from Terri Burns, RN during the administrative claim process.

**23.** Thereafter, Plaintiff received a second letter denying him benefits, stating that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

**24.** Then, in follow up to the denial of benefits, Plaintiff appealed the decision with statements in support of the claim that outlined the required assistance for ADLs from Jace Pointer, Plaintiff's roommate Ian Yves, Plaintiff's wife Magdalena Pointer, and Plaintiff's father Darryl Pointer. Defendant did not reconcile these supporting statements during the appeals process.

**25.** Thereafter, Plaintiff received a third letter denying him benefits, stating that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

**26.** In follow up to the denial of benefits, Plaintiff submitted another appeal that outlined the claim and evidence in light of the applicable law and court decisions on similar cases.

**27.** Thereafter, Plaintiff received a fourth letter denying him benefits, stating that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

**28.** In the next appeal for benefits, registered nurse, Nancy Olson, RN, MSN,

supplied a statement supporting Plaintiff's claim. Defendant did not reconcile this supporting statement during the appeals process.

**29.** Thereafter, Plaintiff received a fifth letter denying him benefits, stating that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

**30.** Last, Plaintiff applied to the Board of Corrections for Naval Records with an outline of evidence and law.

**31.** Thereafter, Plaintiff received a sixth and final letter denying him benefits, stating that he did not meet the standards for a compensable loss under the TSGLI Schedule of Losses and there was no finding of an error or injustice in his case.

**32.** Not one of the six decision letters notified Plaintiff of his right to seek relief in federal court.

**33.** Not one of the six decision letters stated the legal standard of review that was applied to Plaintiff's claim.

**34.** Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law. Defendant has blatantly ignored statements and other evidence that demonstrate entitlement to ADL losses for up to 120 days. Defendant's denial of Plaintiff's claim is unsupported by substantial evidence.

**35.** Defendant has also stated to have denied Plaintiff's claim for TSGLI benefits because it claims that Plaintiff's medical documents do not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinions and findings of certifying medical professionals who reviewed the same medical records. Defendant does not give any reasons as to why the certifying medical professional's certification is not credible, nor does it supply any evidence of having based its decision on the opinion of any other medical expert.

**36.** Further, Defendant has improperly narrowed the TSGLI Procedures Guide,

which is codified by law under 38 C.F.R. 9.20 and SECNAVINST 1770.4, with internal written memorandum and guidance that are not found within the TSGLI Procedures Guide, 38 C.F.R. 9.20, SECNAVINST 1770.4, and as such, is not acting in accordance with the law, and furthering the improper denial of claims.

**37.** Defendant failed to approve Plaintiff's claim for benefits even though Plaintiff meets the contractual and legal criteria.

**38.** Defendant violated its own guidelines for denying claims by failing to provide loss codes and otherwise adequately advise Plaintiff for the reason for the denial.

**39.** Plaintiff has thereby suffered an unwarranted denial of benefits due to him under the TSGLI program.

## III.

## CLAIMS FOR RELIEF

**40.** All allegations contained in the previous paragraphs are incorporated herein by reference.

**41.** Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, inter alia, upon Defendant's:

a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

b. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

c. addition of additional unauthorized criteria for TSGLI claims.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. a remand to the agency of Defendant to reassess the claim for an award of appropriate TSGLI program benefits;

b. an award of interest, costs and attorney's fees as provided by statute;
c. an award of attorney's fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and
d. such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 1, 2017

JOSHUA S. BERMAN, ESQ, #997858
DROSS BERMAN LLC
600 Jefferson Plaza, Suite 402
Rockville, MD 20850
(240) 403-7200 (tel)
(240) 667-1673 (fax)
josh@drossberman.com
*Attorney for Plaintiff Jace Pointer*